IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-00145-01-CR-W-ODS |
| | ) | |
| LYNN SOUTHER, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On April 5, 2011, an Indictment was filed in the Northern District of Florida charging that on December 27, 2010, defendant Lynn Souther transmitted in interstate commerce a communication, that is a telephone call, to P.J., and the communication contained a threat to injure P.J., specifically that P.J. would be stuffed in a crate, which would be placed where nobody would find P.J. and P.J. would die. Defendant Souther appeared in this district for an initial appearance and removal hearing on April 19, 2011. Thereafter, the United States Attorneys for the Northern District of Florida and the Western District of Missouri agreed that the case could be transferred to the Western District of Missouri pursuant to Rule 20, Federal Rules of Criminal Procedure.

On June 30, 2011, the Court held a hearing on a violation report prepared by the Pretrial Services Office. The report indicated that defendant was not seeing her counselor on a weekly basis, that she did not agree with the schizophrenia diagnosis and that she refused to take the medication prescribed by the psychiatrist. Defendant advised her Pretrial Services Officer that the counselor and psychiatrist were not qualified to address her needs. Defendant's counselor indicated that defendant had been disruptive and could not participate in outpatient counseling unless her schizophrenia was managed with medication. Given the nature of the charges, the report prepared

by the Pretrial Services Office dated June 29, 2011, and the discussion at the hearing on June 30, 2011, the Court ordered that a competency evaluation be conducted by William S. Logan, M.D.

On September 29, 2011, the Court held a hearing regarding defendant Souther's competency. The only evidence offered was a Forensic Evaluation dated September 15, 2011, prepared by William S. Logan, M.D. The government offered the Forensic Evaluation and the defense stipulated that Dr. Logan would testify as set forth in the Forensic Evaluation if he were called to testify. In the Forensic Evaluation, Dr. Logan diagnosed defendant Souther as follows:

Axis I:        Clinical Conditions -

  300.4        Dysthymic Disorder
  294.9        Cognitive Disorder NOS-History of head trauma/cerebral bleed from hemangioma.
  305.00       Alcohol Abuse by History
  307.42       Primary Insomnia
               Rule out Obsessive/Compulsive Disorder and Somatization Disorder

Axis II:       Personality Disorders -

  301.9        Personality Disorder, NOS
               with Obsessive Compulsive and Avoidant Features

Axis III:      Contributing Medical Conditions -

  - History of previous cerebral vascular accident and head trauma.
  - Cavernous Hemangioma of the Right Frontal lobe.
  - Chronic Fatigue/Fibromyalgia by history
  - Periodic limb movement disorder (Restless Leg Syndrome)

Axis IV:       Psychosocial Stressors:

  Problems with primary support group – estrangement from family.
  Problems with social environment – few social supports.
  Occupational Problem – On Disability
  Economic Problems – limited income
  Problem related to the Legal System

Axis V: Global Assessment of Functioning -

60 – Moderate symptoms

(Forensic Evaluation at 18-19)  Despite this diagnosis, Dr. Logan found:

> It is my opinion with a reasonable medical certainty, that while Ms. Souther has a mental disease and defect, that her condition is not so severe that these conditions render her mentally incompetent to the point she is not competent to stand trial.  It is my opinion that Ms. Souther is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense.

(Forensic Evaluation at 21)

Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Souther is not currently suffering from a mental disease or defect which would prevent her from understanding the nature and consequences of the proceedings against her or assisting in her defense and that she is competent.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same.  A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                   */s/ Sarah W. Hays*
                                                   SARAH W. HAYS
                                     UNITED STATES MAGISTRATE JUDGE